THE PEOPLE *against* JACOB TOMPKINS.

Lying in wait near a gaol, by agreement with a prisoner, and carrying him away, is not an offence against the statute, (sess. 24. c.58. s. 12, 13.) but is a misdemeanor at common law.

THE defendant was indicted, at the general sessions of the peace, in the county of *Cayuga,* under the act (sess. 24. c. 58.) concerning crimes, &c. for aiding and assisting one *Abigail Tompkins,* then in custody on a charge of felony, to escape. The indictment charged that the defendant did " unlawfully and knowingly contrive and conspire with the said *Abigail Tompkins,* and near the said gaol did *lie in wait,* to the intent and purpose that the said *Abigail Tompkins* might *thereby be enabled to escape;* and that pursuant to the contrivance and conspiracy of the defendant with the said *Abigail Tompkins,* and by *his means and procurement, she did escape and go at large from the said gaol,* and so the defendant did convey the said *A. T.* away and assist her in escaping from the said gaol," &c.

*Per Curiam.* The *gist* of the offence here charged is *lying in wait* near the gaol, by agreement with the prisoner, and conveying her away. But the statute offence is " aiding or assisting any person in gaol, in escaping or attempting to escape from such gaol, though no escape be made." The assistance must appear to have been rendered towards escaping from within the gaol, and not merely in assisting the person, who had got without the gaol, to elude pursuit. If this is not the construction of the statute, then lying in wait, ten or twenty miles from the gaol, to receive the person and carry him further off, would come within the statute. The offence is much more dangerous, and requires a more hardy and deliberate purpose, to assist a prisoner who is within a gaol, in escaping from the gaol, than to assist a prisoner who is without, to escape pursuit. The latter is a *misdemeanor* at common law; but the offence within the statute is punished with an increased severity, and is not to be extended by equity. The following provision in the same section shows that the offence, in all its branches, is confined to cases of assistance rendered to prisoners *in actual confinement*, and to enable them to escape from such confinement. The subsequent part of the section is, " or of conveying any disguise, instrument or arms into any gaol, to and for the use of any such prisoner, so committed or detained, with intention to facilitate his escape," &c.

The court are, therefore, of opinion, that the offence charged is not within the act, and that the judgment must be reversed.

N. B. The same judgment was given in the case of *The People v. Steel,* indicted for a similar offence.